Robert C. Gregory *v.* Dealers Equipment Company, Inc.*

(*Nashville.* December Term, 1927.)

Opinion filed, December 17, 1927.

1. DAMAGES.   INFORMATION.   EMPLOYER   AND   EM-
PLOYEE.   CAUSE OF ACTION.   DECLARATION.   DEMUR-
RER.

A declaration which alleges that the defendant maliciously imparted
true information to the plaintiff's employer, which information
caused the plaintiff's discharge from his employment, does not
state a cause of action, and demurrer was properly sustained.
(Post, p. 274.)

Citing: 26 R. C. L., 760.

2. DAMAGES.   EMPLOYER AND EMPLOYEE.   INFORMATION.
PROXIMATE COST.

The act of an employer of a servant in merely disclosing to the
employer of another servant (between which servants business
relations were pending) that such relations were pending, which
would not naturally and probably result in the discharge of the
servant, such act would not be the proximate cause of plaintiff's
discharge.   (Post, p. 276.)

3. DAMAGES.   DECLARATION.   DEMURRER.

A demurrer is properly sustained where from the declaration it
appears that the plaintiff suffered as the result of his own wrong.
(Post, p. 276.)

4. DAMAGES.   ACTIONABLE   WRONG.   UNLAWFUL   ACT.
MALICE.   AGGRAVATION OF DAMAGES.

If the act complained of, being otherwise lawful in itself, had a
reasonable tendency to promote ends advantageous to the defend-
ant in the conduct of his own business, it cannot be correctly
judged an illegal agency or operation by the fact that the doer of
it was moved by a feeling of ill will or personal malice toward
the person against whom the act was directed, but if the act is
otherwise wrongful such personal malice may aggravate the dam-
age.   (Post, p. 277.)

156 Tenn.—18.

Citing: Hutton v. Watters, 132 Tenn. (5 Thomp.), 531; West Virginia Transporation Co. v. Standard Oil Co., 50 W. Va., 611, 40 S. E., 591, 56 L. R. A., 804, 88 Am. St. Rep. 895; 62 L. R. A., 673, note; L. R. A., 1915B, 1180, note; Cooley on Trots (2 Ed.), pp. 832, 836.

*Headnote 1. Actions, 1 C. J., section 54; Master and Servant, 39 C. J., section 1615; Torts, 38 Cyc., p. 435.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.— HON. W. P. BIGGS, Judge.

U. A. BURGESS, for plaintiff in error.

EMMETT W. BRADEN and WILSON, GATES & ARMSTRONG, for defendant in error.

MR. JUSTICE CHAMBLISS, delivered the opinion of the Court.

This was a suit for damages. A demurrer to the declaration was sustained and the suit dismissed. The declaration is in one count and is set forth in the following language, omitting the formal opening:

*(1)* "That plaintiff was employed by the Memphis Street Railway as a secret service man on said company's lines and cars in Memphis at a salary of $4 per day and traveling expense.

"That on or about December 21, 1926, at about 5:45 P. M. one of defendant's trucks, while being run and operated by the defendant's agents, servants and employees, was run into and against one of Memphis Street Railway trolley cars on Florida Street, Memphis, Tennessee. That the passengers on said car were greatly angered and excited thereat and at once sought to lay

hands upon said defendant's employee and do him great bodily harm and lynch him; that plaintiff being at the time on said street car and in the employ of said Street Railway Company rushed said employee of defendant into a store; prevented his being lynched and called the Memphis Police Patrol; when the said employee, a colored man, was arrested by said police force, taken to headquarters and locked up; that he was fined and sentenced to the Shelby County Workhouse, but plaintiff interceded for him and got him retained at said headquarters until his fine could be paid; that for said service he proposed to charge said negro a fee, which was agreed upon at the time; that plaintiff informed in confidence, the officials of defendant of his said employ; and that thereupon defendant did, through its officials, employees, agents and servants, maliciously, negligently and with intent to injure this plaintiff, inform said Memphis Street Railway Company that plaintiff had told it that he was employed as aforesaid and that then and thereupon the said Memphis Street Railway Company did call plaintiff to its offices and discharge him. And that the actions of said defendant in so informing said Memphis Street Railway Company were the proximate cause of his said discharge and that plaintiff has been thereby greatly damaged and injured.

"Therefore he sues the defendant for two thousand five hundred dollars as damages and demands a jury to try the case."

The demurrer challenged the declaration on the grounds, in substance, that no cause of action was stated, that there was no legal obligation on the part of the defendant to refrain from revealing the information, that it owed no duty to the plaintiff in this regard and was guilty of no wrongful act; also that the alleged employ-

ment was against public policy, plaintiff not being alleged to be an attorney at law.

We find no error in the action of the trial court in sustaining the demurrer. The declaration fails to state a cause of action. The disclosure by the defendant of the information volunteered to it by plaintiff was certainly not of itself an unlawful or wrongful act. Defendant owed plaintiff no duty whatever to keep secret, especially from plaintiff's employer, this information. And while the declaration does charge that defendant "maliciously" conveyed the information, the cases quoted from by counsel for plaintiff in error are themselves authority for the proposition that it is only when one does "an act which in law and fact is a wrongful act," resulting in injury as a natural consequence, that an action will lie. As already indicated, the weakness of this declaration lies in its failure to charge or disclose a wrongful act as a predicate for recovery. The great weight of authority seems to support this view. 26 R. C. L., 760.

(2) Moreover, the act of an employer of a 'servant in merely disclosing to the employer of another servant, between which servants business relations were pending, that such relations were pending, would not naturally and probably result in the discharge of the servant, *unless* the conduct of the servant thus disclosed was reprehensible, or contrary to his contract, or instructions. In other words, the proximate cause of plaintiff's discharge could not fairly be held, on the facts alleged, to be the disclosure of the information, of which complaint is made, but his discharge, more naturally and probably, was caused by his own violation of his instructions, or contract of employment.

(3) While, perhaps, it is unnecessary to assign additional grounds for sustaining the demurrer, it is not an unreasonable deduction from the meager allegations

of the declaration that the defendant employer was properly seeking to protect its employee, as it had a right to do, in its own interest as well as on behalf of its employee, from the enforcement of a claim which is not shown to have had a rightful basis. Plaintiff is not shown to be a lawyer and no altogether satisfactory basis for the demand, which apparently he was seeking to enforce, is set out. The damage which he suffered as the result of his own wrong would not be recoverable.

(4) While some courts have indicated a tendency to hold actionable an act which otherwise would be lawful where it is done maliciously, an exception to this exception is noted by Mr. Justice NEIL in the course of his opinion in *Hutton* v. *Watters,* 132 Tenn., page 531, wherein he says:

"Still, it has been decided, by the weight of authority, that if the act complained of, being otherwise lawful in itself, had a reasonable tendency to promote ends advantageous to the defendant in the conduct of his own business, it cannot be correctly adjudged an illegal agency or operation by the fact that the doer of it was moved also by a feeling of ill will, or personal malice, towards the person against whom his act was directed (*West Va. Transportation Co.* v. *Standard Oil Co.,* 50 W. Va., 611, 40 S. E., 591, 56 L. R. A., 804, 88 Am. St. Rep., 895; 62 L. R. A., 673, note; L. R. A., 1915B, 1180, note).; but if the act is otherwise wrongful, such personal malice may aggravate the damages. (Cooley on Torts (2 Ed.), pp. 832, 836.)"

As already indicated, we think a plain inference arises on the face of this declaration that the act of the defendant in conveying this information to the employer of the plaintiff "had a reasonable tendency to promote ends advantageous to the defendant in the conduct of his own business," and he was, therefore, fully justified.

The judgment is affirmed.